## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Sompheth Phoummany, | Case No. 24-cv-3849 (KMM/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Sompheth Phoummany's Petition for a writ of habeas corpus. [Docket No. 1].

Petitioner pleaded guilty in the United States District Court for the District of Alaska to conspiracy to distribute a controlled substance and was sentenced to a 90-month term of imprisonment. See United States v. Phoummany, No. 3:22-cr-22 (2), Sentencing Judgment [Docket No. 109] (D. Alaska Nov. 29, 2022). Petitioner—who arrived in the United States several decades ago as a refugee from Laos—also has been ordered removed from the United States pursuant to a final order of removal. (See Petitioner's Exs. [Docket No. 1-2] at 5). Petitioner contends that, if removed to Laos, he will be "subject to immediate incarceration and execution," (Petition [Docket No. 1] at 7), and he asks this Court through the present petition for a writ of habeas corpus to vacate the final order of removal, see Id. at 8.

This matter is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] This Court has conducted the required

---

[1] The habeas petition in this matter is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See Rule 1(b).

review under Rule 4 and concludes that the Court lacks jurisdiction over the present habeas petition. Accordingly, this matter should be dismissed without prejudice.

With exceedingly narrow exceptions, federal district courts lack jurisdiction "to hear any cause or claim by or on behalf of any alien" challenging a final order of removal. 8 U.S.C. § 1252(g). Instead, "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007). In almost all cases, then, this Court is simply not the correct venue for a person subject to an order of removal to challenge the validity of that order of removal.[2]

The lone, relevant exception to this jurisdictional bar is provided under 8 U.S.C. § 1252(e)(2):

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

On its face, § 1252(e)(2)(C) would appear to permit this Court to review whether Petitioner "has been admitted as a refugee" or "has granted asylum." But § 1252(e)(2)(C) applies only to judicial review of determinations made under 8 U.S.C. § 1225(b)(1), which in turn relates only

---

[2] Petitioner contends that this Court nevertheless has jurisdiction over the habeas petition pursuant to 8 U.S.C. § 1105a(a)(10). That provision did provide that "federal habeas courts were . . . available to hear statutory and constitutional challenges to deportation (and exclusion) orders." Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (emphases removed). But that provision was repealed in 1996.

to expedited decisions of review made by an immigration officer of an applicant for entry upon said applicant's arrival at the borders of the United States. Section 1225(b)(1) does not relate to decisions made by an immigration judge. Petitioner's order of removal was not effected through the summary process permitted in §1225(b)(1), and therefore § 1252(e)(2)(C) does not apply to this case.

Petitioner tries one other maneuver to get the question of the validity of the final order of removal before this Court. Under the First Step Act of 2018, federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the Federal Bureau of Prisons may earn up to fifteen days per month in time credits ("FTCs"). 18 U.S.C. § 3632(d). Up to one year's worth of FTCs may be applied towards shortening the prisoner's overall term of imprisonment. See 18 U.S.C. § 3624(g)(3). Some prisoners, however, are ineligible to apply FTCs; these ineligible prisoners include those prisoners who are "subject of a final order of removal." 18 U.S.C. § 3632(d)(4)(E)(i). If Petitioner were not subject to a final order of removal, then he would be eligible to earn and apply FTCs to his sentence, thereby shortening that sentence.

The amount of time that Petitioner is required to spend in the custody of the Federal Bureau of Prisons is, to be sure, a proper subject of habeas review. But the FSA does not provide litigants with a backdoor method for challenging the validity of an order of removal. See 8 U.S.C. § 1252(g) (depriving federal district courts of jurisdiction "notwithstanding any other provision of law"); Balleza v. King, No. 24-cv-160 (NEB/LIB), 2024 WL 4394219, at *2–3 (D. Minn. Aug. 9, 2024), report and recommendation adopted, 2024 WL 4392477 (D. Minn. Oct. 3, 2024). That Petitioner is subject to a facially valid order of removal defeats any entitlement he might otherwise have to FTCs. See, e.g., Balleza, 2024 WL 4394219, at *3. If Petitioner were not subject to a final order of removal, then his term of custody might be reduced. Id. But to attack that final order of removal

and (if successful) thereby become entitled to the application of FTCs, Petitioner will have to go through a more appropriate procedural channel. See, e.g., Id. at *2–3. This Court simply lacks jurisdiction to decide whether Petitioner should have been made subject to a final order of removal. See, e.g., Id.

Accordingly, the present habeas petition should be denied without prejudice and this matter dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Sompheth Phoummany, [Docket No. 1], be **DENIED without prejudice**; and

2. This case be **DISMISSED without prejudice**.

Dated: October 24, 2024                    s/Leo I. Brisbois
                                           Hon. Leo I. Brisbois
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).